**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CRIMINAL CASE NO. 25-19-DLB-EBA**

UNITED STATES OF AMERICA                                                                  PLAINTIFF

VS.                              **MEMORANDUM ORDER**

JORDAN COBB                                                                                      DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I.      Introduction**

This matter is before the Court upon Defendant's Motion to Revoke Magistrate Judge Edward Atkins' Order of Detention pursuant to 18 U.S.C. § 3145(b).  (Doc. # 26). The Government having now filed its written response opposing the motion (Doc. # 29), the time for filing of a reply having now expired, and the Court concluding that further argument on the motion is not necessary, the motion is ripe for review.  For the reasons that follow, and having conducted its *de novo* review, the Court agrees with the detention decision of Magistrate Judge Atkins that Defendant Cobb be detained without the benefit of bond pending trial.

**II.     Standard of Review**

The Court will conduct a *de novo* review of the Magistrate Judge's detention order. In *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985), the Sixth Circuit noted without further comment that at least one district court, after opining that a clearly-erroneous standard was probably correct, conducted a *de novo* review of a magistrate judge's

1

pretrial detention order. *Id*. at 36. Among the circuits, the Sixth Circuit stands alone in not enunciating for itself the standard of review that a district court must employ. *See United States v. Yamini*, 91 F. Supp.2d 1125, 1127 (S.D. Ohio 2000). Although the Sixth Circuit has yet to directly pass on the standard of review, the Court finds that the other circuits that have concluded that a district court must conduct *de novo* review of a magistrate judge's order of pretrial detention are persuasive. Accordingly, the Court reviews Magistrate Judge Atkins' May 6, 2025 detention order *de novo*.[1]

### III.     Procedural Background and Rebuttable Presumption of Detention

On May 5, 2025, the Defendant appeared with counsel for a detention hearing pursuant to 18 U.S.C. § 3142(f). During that hearing, Defendant called his parents as witnesses and the United States called FBI Agent Kimberly Kidd as its sole witness. The United States also made a proffer regarding other evidence that it wanted the Court to consider. After conducting a hearing and considering the arguments of counsel, Magistrate Judge Atkins concluded that Defendant should be detained pending trial as a danger to the community (Doc. # 25). In the Statement of the Reasons for Detention, Magistrate Judge Atkins concluded that while the Defendant had rebutted the presumption of detention, consideration of the § 3142(g) factors warranted detention pending trial as the Government had established by clear and convincing evidence that he would be a danger to the community if released.

More specifically, Magistrate Judge Atkins found as follows:

> This action involves allegations that the Defendant used his position of authority, as a teacher, to act as a sexual predator on underaged early teen females. The Court heard a great deal of evidence of the acts he committed

---

[1] In conducting its *de novo* review, the Court has listened to the audio recording of that hearing.

by the Defendant to entice underaged girls to have sex, including messaging explicit pictures of himself. Although both Defendants' parents testified that they would be willing custodians for him, the evidence is that while facing state level charges based on the same or similar conduct as that alleged in the indictment, the Defendant violated Court orders requiring no contact with the victim(s) by making efforts to contact/influence/harass and intimidate the victims. The Court therefore has no confidence that he will comply with any conditions of release it might impose. (*id*. at p. 3).

**IV.     Discussion**

Upon conducting the required analysis, considering the factors identified in § 3142(g), and the statutory presumption that no condition or combination of conditions exists that will reasonably assure Defendant's appearance and the safety of the community, the Court agrees with Magistrate Judge Atkins' detention decision and therefore will not revoke his detention order in this case.

Section 3142(g) sets forth several factors that a court must consider when determining whether to release a defendant on bond, with or without conditions, or order that he be held in custody pending trial. The factors listed in § 3142(g) include: (1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence

for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Here, the offenses charged involve minor victims. Although Defendant takes issue with that fact, telling a friend in a recorded call that the victim was almost 16, and 15 is legal in Mexico, the fact remains that the primary victim in this case was a minor. As summarized by Agent Kidd during the detention hearing, the Defendant routinely used Snapchat to communicate with a teenager whom he had taught the previous school year. Using Snapchat, the Defendant was able to send multiple photos of himself, including photos of his penis, to the minor, with text superimposed over them. These snapchats included requests to meet the minor at a local park, offers to provide the minor with drugs, and specific details about the sex acts in which he wanted to engage with the minor. Several of the snapchats were taken during school hours in the classroom in which the Defendant taught. Agent Kidd also testified about several Facebook messages in which the Defendant conversed with a friend. During those messages, the Defendant appeared unfazed by his actions, calling the minor victim a "fuckin 16 yr old bitch."

At the detention hearing, the United States also presented additional proof relating the cyberstalking count. Specifically, evidence shows that while awaiting a resolution of a related state case, the Defendant engaged in efforts to contact, influence, harass, and intimidate the victim in this case. In June 2024, the initial victim contacted police to report that she had been receiving messages from an account on Facebook bearing the display name "James Jones". The messages included a photo of what appeared to be the Defendant holding his penis with his face visible in the photo. Notably, this was a different photo than the earlier snapchat photos. The messages from that account included "still

4

want to meet?", "slut", "you almost 18 yet", and "bitch I know where you live." After the allegations were initially reported to police, the victim obtained a state restraining order against the Defendant. At least one of the "James Jones" messages appears to have been sent in violation of that restraining order.

The Court concludes that the weight of the evidence in this case is substantial and the federal charges are exceptionally serious, with Count One requiring a minimum mandatory ten year sentence upon conviction. In view of the egregious nature of the alleged conduct, the strength of evidence, the Defendant's disregard for its effect on the victim, and his attempts to harass the victim in violation of court orders, the Court agrees with Magistrate Judge Atkins that there are simply no conditions that could reasonably assure the safety of the community should the Defendant be released.

### V.     Conclusion

For the reasons stated herein, and having considered the § 3142(g) factors, both individually and collectively, the Court finds, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of others and the community if pretrial detention is not ordered. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Revoke Order of Detention (Doc. # 26) be, and is hereby **denied**.

This 13th day of June, 2025.



Signed By:
David L. Bunning
Chief United States District Judge